UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORMAN GOTCHER, JR,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT A.W. JOHNSON, et al.,<br><br>Defendants. | CASE NO. C05-289-RSM-MJB<br><br>REPORT AND RECOMMENDATION |

I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Norman Gotcher, Jr. is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985(3). Plaintiff was denied leave to proceed *in forma pauperis* because he has had three prior dismissals of civil actions under 28 U.S.C. § 1915(g). Dkt. #13. Plaintiff's claims arise out of his representation by a member of the federal pro bono panel who was appointed by this Court to represent him in *Gotcher v. Kamalu et al.*, C02-090-MJP, a § 1983 civil rights action against two Seattle police officers and the City of Seattle for false arrest and excessive use of force. Plaintiff's complaint alleges legal malpractice, loss of personal property, ineffective assistance of counsel, and due process violations. He

identifies the following as defendants: (1) Scott A. W. Johnson, pro-bono civil suit attorney; (2) Pallavi Mehta Wahi, pro-bono panel attorney; and (3) Stokes Lawrence, P.S.

Now before the Court is Defendants' motion to dismiss Plaintiff's complaint for failing to state a cause of action. Dkt. #21. After Defendant's motion was filed, Plaintiff paid the $250.00 filing fee (Dkt. #25), and he filed a request that his civil rights action be filed and Defendants' motion to dismiss be stricken for premature filing (Dkt. #26). Almost two weeks later, Plaintiff filed a request for voluntary dismissal of his §§ 1983 and 1985(3) complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(1). Dkt. # 27. Defendants filed opposition to Plaintiff's requests, seeking dismissal of this action with prejudice (Dkt. #30), and Plaintiff filed opposition to Defendants' response (Dkt. #34), as well as a formal request for return of his $250.00 filing fee (Dkt. #37).

After reviewing the pending motions and the remainder of the record, this Court recommends that Defendants' motion to dismiss for failure to state a claim be GRANTED and Plaintiff's action be dismissed with prejudice, and that Plaintiff's motion for return of the $250.00 filing fee should be DENIED.

## II. DISCUSSION

Defendants move this court to dismiss Plaintiff's action for failure to state a claim upon which relief may be granted. In resolving a motion to dismiss for failure to state a claim, the Court must assume that the plaintiff's allegations are true and construe all of the facts before it in favor of the plaintiff. *See Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1332 (9th Cir. 1987). Thus, the complaint should be dismissed for failure to state a claim only if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 1332 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

A. Claims under § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, the plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In addition, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under § 1983 solely on the basis of supervisory responsibility or respondeat superior. *See Monell v. New York City Dept. Of Social Services*, 436 U.S. 658, 691 (1978).

Here, Plaintiff concedes in his request for voluntary dismissal that "Defendant [was] not functioning under [color of] state law for a section 1983 complaint." Dkt. #27 at 2. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

B. Claims under § 1985(3)

To bring a cause of action successfully under § 1985(3), a plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citing *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828-29, 103 S.Ct. 3352, 3356-57, 77 L.Ed. 2d 1049 (1983)). The second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that

right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.,* quoting *Griffith v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). A mere allegation of conspiracy without factual specificity is insufficient. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 521, 626 (9th Cir. 1988); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1991), *cert. denied*, 502 U.S. 957 (1991).

In this case, Plaintiff claims that attorney Scott A.W. Johnson was working in the best interests for the defendants because he allegedly kept bragging that he went to school with Defendants' attorney and they were the best of friends. Dkt. #22, Ex. 1 at 9; Dkt. #36 at 10. However, Plaintiff fails to present any specific factual evidence of a conspiracy and he makes no allegations that actions by defendant Johnson and other alleged conspirators was motivated by "racial or invidiously discriminatory animus." Thus, Plaintiff's claim against Defendants pursuant to § 1985(3) fails because he has not established essential elements of a conspiracy.

C. Dismissal With Prejudice

Plaintiff has requested voluntary dismissal of his § 1983 and § 1985(3) action without prejudice pursuant to Fed. R. Civ. P. 41(a)(1). Under Rule 41(a)(1), a plaintiff may, without order of the court, dismiss the action without prejudice, prior to the filing of an answer or a motion for summary judgment. Here, Defendants filed an answer to Plaintiff's complaint (Dkt. #6) on March 3, 2005, more than two months before Plaintiff filed his request for voluntary dismissal on May 31, 2005 (Dkt. #27). Therefore, Plaintiff fails to meet the requirements for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(1).

Fed. R. Civ. P. 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time. When ruling on a motion to dismiss without prejudice, the district court must

determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Westlands Water Dist. V. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (citations omitted); *see also Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

[L]egal prejudice is just that -- prejudice to some legal interest, some legal claim, some legal argument. *Westlands*, 100 F.3d at 97. Here, Defendants argue that counsel has incurred considerable fees and costs in defense of this action, which would be wasted if Plaintiff is permitted to dismiss this action without prejudice and refile it at some point in the future. However, the expense of having defended the lawsuit is not legal prejudice. *See id.*; *Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss)*, 67 F3d 1394, 1400-01 (9th Cir. 1995). The possibility of a second lawsuit is also not legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001); *Westlands*, 100 F.3d at 97. Thus, Defendants' arguments do not establish the type of legal prejudice that would preclude dismissal without prejudice.

However, in light of the discussion in sections "A" and "B" above regarding Plaintiff's failure to state a claim under §§ 1983 and 1985(3), the undersigned recommends that Plaintiff's action be dismissed with prejudice.

D. Request for Return of Filing Fee

In both his request for voluntary dismissal (Dkt. #27) and in a separate motion (Dkt. #37), Plaintiff asks that the $250.00 filing fee he submitted to the Court in this action be returned to him. However, 28 U.S.C. § 1914(a) provides that the "clerk of each district court *shall* require the parties instituting any civil action . . . to pay a filing fee of $250." (Emphasis added). This statute makes no provision for return of the filing fee once it has been paid to commence an action. Moreover, Plaintiff makes no argument and points to no legal authority that supports return of the filing fee. Accordingly, the undersigned recommends that Plaintiff's motion for return of the filing fee be denied.

III. CONCLUSION

For the reasons stated above, I recommend that Defendants' motion to dismiss for failure to state a claim (Dkt. #21) should be GRANTED and Plaintiff's action be dismissed with prejudice. I further recommend that Plaintiff's motion to return the $250.00 filing fee (Dkt. #37) should be DENIED. A proposed order accompanies this Report and Recommendation.

DATED this 30th day of December, 2005.

Monica J. Benton
United States Magistrate Judge